Steven Joseph DUBROC,
Jr., Respondent,

v.

Sandra Lane DUBROC, Appellant.

WD 80315

Missouri Court of Appeals,
Western District.

Opinion filed: December 12, 2017

Rehearing Denied January 30, 2018

Sandra Lane Dubroc, Appellant pro-se.

James P. Buckley, Sedalia, for Respondent.

Before Division Three: Lisa White Hardwick, Presiding Judge, Victor C. Howard, Judge, and Alok Ahuja, Judge

VICTOR C. HOWARD, JUDGE

Sandra Dubroc appeals the trial court's amended judgment of dissolution of marriage. Because of significant deficiencies in Ms. Dubroc's appellate brief, the appeal is dismissed.

Ms. Dubroc appeals *pro se*. *Pro se* appellants are held to the same standards as lawyers. *J.L. v. Lancaster*, 453 S.W.3d 348, 350 (Mo. App. W.D. 2015). Although this court is mindful of the difficulties that a party appearing *pro se* encounters in complying with rules of procedure, *pro se* appellants must be required to

comply with these rules. *Id.* "It is not for lack of sympathy, but rather is necessitated by the requirement of judicial impartiality, judicial economy, and fairness to all parties." *Id.* (internal quotes and citation omitted). Thus, *pro se* appellants must comply with Supreme Court Rule 84.04, which sets forth various requirements for appellate briefs. *Id.*

Compliance with the briefing requirements of Rule 84.04 is mandatory to ensure that the appellate court does not become an advocate by speculating on facts and arguments that have not been made. *Id.* Violations of the rule are grounds for dismissal of an appeal. *Id.*

> Whether to dismiss an appeal for briefing deficiencies is discretionary. That discretion is generally not exercised unless the deficiency impedes disposition on the merits. It is always our preference to resolve an appeal on the merits of the case rather than to dismiss an appeal for deficiencies in the brief.

*Id.* (internal quotes and citation omitted).

■ Ms. Dubroc's brief is deficient in many respects. First, the jurisdictional statement does not comply with Rule 84.04(b). That rule provides, in pertinent part, "The jurisdictional statement shall set forth sufficient factual data to demonstrate the applicability of the particular provision or provisions of article V, section 3, of the Constitution upon which jurisdiction is sought to be predicated." Ms. Dubroc's jurisdictional statement provides that this case is an appeal from a judgment of the Pettis County circuit court and argument regarding why that judgment was erroneous. It does not set forth sufficient facts to demonstrate the applicability of a particular provision of article V, section 3, whereon the jurisdiction of this court is predicted. The jurisdictional statement is, therefore, inadequate under Rule 84.04(b).

■ Second, the statement of facts fails to comply with Rule 84.04(c), which requires "a fair and concise statement of the facts relevant to the question presented for determination without argument. All statements of fact shall have specific page references to the relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits." "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *Lattimer v. Clark*, 412 S.W.3d 420, 422 (Mo. App. W.D. 2013)(internal quotes and citation omitted). Ms. Dubroc's one-paragraph statement of facts is one-sided, incomplete, and argumentative. It does not contain specific page references to the relevant portion of the record on appeal. Such deficiencies fail to preserve her claims for appellate review. *Id.*

■ Next, Ms. Dubroc's brief violates Rule 84.04(d) concerning points relied on. The rule provides that each point identify the trial court ruling or action being challenged, state concisely the legal reasons for the claim of reversible error, and explain in summary fashion why, in the context of the case, the legal reasons support the claim of reversible error. Rule 84.04(d). The rule further sets out the form the points shall substantially follow. *Id.* "The purpose of the briefing requirements regarding points relied on is to give notice to the party opponent of the precise matter which must be contended with and answered and to inform the court of the issues presented for resolution." *Lancaster*, 453 S.W.3d at 350.

■ The sole point reads, "The judge made his ruling with respondetence [sic] statements. The judge made rulings on despondence [sic] statements. He did not use true facts and figures as well as documents as well as respondence [sic] exhib-

its." The point does not follow the template provided in Rule 84.04(d). More importantly, it does not identify the trial court ruling that Ms. Dubroc challenges or the legal reasons for the claim of reversible error and does not explain why the legal reasons support a claim of reversible error. "Under Rule 84.04, it is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justifications and circumstances." *Fesenmeyer v. Land Bank of Kansas City*, 453 S.W.3d 271, 274 (Mo. App. W.D. 2014)(internal quotes and citation omitted). Such speculation would place the appellate court in the role of an advocate, which is an inappropriate role for the court. *Id.* Additionally, the point fails to comply with the requirement of Rule 84.04(d) that "[i]mmediately following each 'Point Relied On,' the appellant ... shall include a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." Ms. Dubroc cites no authority following her point.

Finally, the argument section is defective for several reasons. It fails to state the applicable standard of review. Rule 84.04(e). More significantly, it makes no legal argument and contains no citation to authority. At best, Ms. Dubroc attempts to cite section 452.330, RSMo 2016, but does not explain the statute's relevance or how it applies to the facts. An argument "should demonstrate how principles of law and the facts of the case interact." *Fesenmeyer*, 453 S.W.3d at 274 (internal quotes and citation omitted). The argument contains mostly factual assertions, which do not have specific page references to the relevant portion of the record on appeal. Rule 84.04(e). "A contention that is not supported with argument beyond conclu-

sions is considered abandoned." *Lattimer*, 412 S.W.3d at 423.

To address the merits of this appeal, this court would have to act as Ms. Dubroc's advocate by searching the record for relevant facts of the case, deciphering her point on appeal, crafting a legal argument, and locating authority to support it. This we cannot do. *Id.* While an appellate court prefers to decide cases on the merits, the deficiencies of Ms. Dubroc's brief prevent meaningful appellate review. The appeal, therefore, must be dismissed.

Even if Ms. Dubroc's brief were reviewed, *ex gratia*, her grievance seems to be that the trial court did not believe her evidence as opposed to Mr. Dubroc's. The standard of review in dissolution cases requires this court to defer to the trial court's credibility findings when conflicting evidence exists in the record. *Kratzer v. Kratzer*, 520 S.W.3d 809, 818 (Mo. App. E.D. 2017).

The appeal is dismissed.

All concur.