Lisa P. Page, Presiding Judge
Joseph Ashton King ("Husband") appeals the trial court's dissolution judgment of his marriage to Caroline Hilton King ("Wife"). We dismiss the appeal.
BACKGROUND
The marriage of the parties was dissolved in late 2016. Following numerous post judgment pleadings and exhibits, Husband filed the present appeal.
*442 DISCUSSION
Husband, acting pro se , filed a brief raising seven points on appeal. In addition to her response brief, Wife has filed a motion to strike the legal file and brief and to dismiss Husband's appeal. In her motion, Wife alleges numerous violations of Missouri Supreme Court Rules 81.12 and 84.04.
The rules for appellate briefing set forth in Rule 84.04 are mandatory. Rockwell v. Wong , 415 S.W.3d 805 (Mo. App. E.D. 2013) (citing Wong v. Wong , 391 S.W.3d 917, 918 (Mo. App. E.D. 2013) ). Compliance with the requirements is necessary to ensure we do not become an advocate by inferring facts and arguments an appellant fails to set forth. Id. at 806. The failure to, at least substantially, comply with Rule 84.04 preserves nothing for our review and is grounds for dismissal. Id. In the interest of judicial impartiality, judicial economy and fairness to all parties, pro se appellants like Husband are required to comply with the rules, including Rule 84.04. Dubroc v. Dubroc , 537 S.W.3d 369, 370-71 (Mo. App. W.D. 2017). We may exercise our discretion to review briefs which suffer from violations of Rule 84.04. However, Husband's brief simply contains too many deficiencies and violations of Rule 84.04 for meaningful appellate review. Accordingly, this appeal must be dismissed.
A. Statement of Facts
Pursuant to Rule 84.04(c), Husband was required to include a "fair and concise statement of the facts relevant to the questions presented for determination without argument." In addition, Rule 84.04(c) requires an appellant to cite the specific page reference to the "relevant portion of the record on appeal, i.e., legal file, transcript, or exhibits."
Husband's approximately fifteen-page statement of facts contains a significant amount of argument concerning the facts underlying the dissolution. He makes statements of "fact" concerning Wife's parenting, her alleged alienation of him and her resources from her "wealthy parents." Many of these claims are without citation to the record or include citations to documents filed after the judgment of dissolution, conflating dissolution judgment issues properly before this court with post-dissolution matters not subject to appellate review at this time. In addition, Husband arbitrarily makes several bald assertions that the court's decisions were made "improvidently."[1] The lengthy, argumentative statement of facts fails to comply with Rule 84.04(c).
B. Points Relied On
Similar to the statement of facts, Husband's points relied on do not comply with Rule 84.04(d), which requires Husband to *443 identify the trial court ruling or action challenged, state the legal reasons for the claim of reversible error and explain why the legal reasons in the context of the particular case support the claim of reversible error. This is to provide the respondent with notice of the precise matter which must be answered and to inform the court of the issues presented. Dubroc , 537 S.W.3d at 371 (internal citation omitted). Husband's points relied on fail to give Wife or this court such crucial information. Instead, his points assert multiple allegations of error without any identification of the ruling or action challenged nor any clear legal reason for the claims of error.
Husband's most deficient section of the brief are the arguments supporting his points relied on in violation of Rule 84.04(e), which requires Husband to include a "concise statement of the applicable standard of review for each claim of error." However, Husband initially sets forth three separate standards of review. He cites an abuse of discretion standard, de novo review and plain error review for each of his seven points. In addition, in his recitation of multiple standards of review, Husband's brief randomly includes accusations of bias, passion and prejudice throughout his various points rather than sound legal argument.
Husband proceeds to attempt to support his deficient points with mostly argumentative factual assertions, many of which do not have any citations to the relevant portion of the record on appeal. Husband's unsupported allegations simply appear to be an attempt to relitigate issues considered by the court in the dissolution proceeding, in addition to raising post-dissolution issues which are not subject to our review. Finally, his argument wholly fails to demonstrate how the principles of law and the facts of the case interact. Dubroc , 537 S.W.3d at 372. An allegation of error not supported with argument beyond mere conclusions is considered abandoned. Id. (quoting Lattimer v. Clark , 412 S.W.3d 420, 423 (Mo. App. W.D. 2013) ).
C. Record on Appeal
Finally, we note pursuant to Rule 81.12, Husband was required to provide this court with a sufficient record on appeal for our review. Rule 81.12(a) specifically requires an appellant to file a record on appeal containing "all of the record, proceedings and evidence necessary to the determination of all questions presented, by either appellant or respondent, to the appellate court for decision." Rule 81.12(a) also states that the transcript "shall contain the portions of the proceedings and evidence not previously reduced to written form." In addition, Rule 81.12(b) sets out what shall not be included in the legal file. Husband's legal file consists of 24 volumes and approximately 3,700 pages and the transcript consists of 6 volumes and over 800 pages. Many of the documents included in the legal file were filed after the judgment of dissolution was entered and relate to issues raised following the judgment which are either not ripe and/or not appropriate for appellate review. Husband's record on appeal clearly violates Rule 81.12. Even if we were able to discern Husband's legal arguments, this voluminous record on appeal renders locating relevant documents virtually impossible.
CONCLUSION
In conclusion, to address the merits of Husband's appellate claims, we would be required to search the unduly burdensome number of documents contained in his legal file, decipher which of his points on appeal are appropriate for review and craft a legal argument in support of those points. Doing so would result in our becoming Husband's advocate, which we cannot do. Rockwell , 415 S.W.3d at 806 (internal *444 citation omitted); Dubroc , 537 S.W.3d at 372 (internal citation omitted). Thus, we must dismiss Husband's appeal.
For the foregoing reasons, Husband's appeal is dismissed.
Roy L. Richter, J. and Philip M. Hess, J., concur.

Husband's frustration with the trial court could be alleviated had the Family Court Commissioner drafted her own findings of fact and conclusions in support of the judgment of dissolution, rather than adopting Wife's proposed findings and judgment, verbatim. This practice may not be erroneous per se , but we have repeatedly chastised trial courts for doing so. See State v. Griffin , 848 S.W.2d 464, 471 (Mo. banc 1993) ; Neal v. Neal , 281 S.W.3d 330, 337 (Mo. App. E.D. 2009) ; and Brinkley v. Brinkley , 725 S.W.2d 910, 911, n.2 (Mo. App. E.D. 1987) ; See also Arcese v. Daniel Schmitt & Co. , 504 S.W.3d 772,782, n.7 (citing Griffin , 848 S.W.2d at 471 ) ("For obvious reasons, when a court adopts in its entirety the proposed findings of fact and conclusions of law of one of the parties, there may be a problem with appearance. The judiciary is not and should not be a rubber-stamp for anyone."). Due to the very nature of our adversarial system, the wholesale adoption of one proposed judgment over another will never be perceived as impartial by the opposing party in any highly contested case. Therefore, trial judges should draft their own fair and impartial judgments.