KURT S. ODENWALD, Presiding Judge
Introduction
Mohammad Aziz ("Aziz") appeals from the trial court's grant of summary judgment in favor of Larry Tsevis ("Tsevis") in connection with a real estate contract (the "Contract") for the sale of property located at 4225 S. Kingshighway ("Property"). Because Aziz's appellate brief substantially fails to comply with Rule 84.04,[1] we dismiss his appeal. Even if Aziz's brief complied with the requirements of Rule 84.04, the Statute of Frauds makes the alleged real estate contract unenforceable and renders his arguments meritless.
Factual and Procedural History
Aziz and Tsevis entered into the Contract, whereby Tsevis agreed to sell Property to Aziz for $152,000. Tsevis and Aziz signed the Contract. Aziz put down $1500 earnest money. After signing the Contract, but prior to closing, Aziz discovered that Tsevis was not the owner of Property, but Tsevis's brother, Greg Tsevis ("Brother") owned Property. The Contract lacked any language stating or otherwise suggesting that Tsevis acted on Brother's behalf. When Aziz approached Tsevis about this fact, Tsevis orally promised Aziz that *741 Tsevis would acquire authority over Brother's estate to complete the sale of Property. Tsevis eventually obtained authority over Brother's estate through the probate court, but Tsevis refused to sell Property to Aziz.
Aziz sued Tsevis and Brother for specific performance under the Contract, claiming breach of contract. In his sole claim for breach of contract, Aziz averred, "Defendant Tsevis should also be estopped from arguing he has no authority to sell said real estate." Tsevis and Brother moved for summary judgment.
Tsevis and Brother submitted a statement of uncontroverted material facts in support of their motion for summary judgment. The statement of uncontroverted facts included the following:
1) The Contract contained no language that Tsevis acted on behalf of Brother.
2) Tsevis did not own Property.
3) Tsevis had no authority, capacity, or standing to sell Property prior to signing the Contract.
4) The probate court granted Tsevis guardianship over Brother, an incapacitated person, only after Tsevis and Aziz signed the Contract.
5) Tsevis, in his fiduciary capacity as Brother's guardian, has not signed any document granting Aziz the right or option to purchase Property.
In opposing the motion for summary judgment, Aziz accused Tsevis of knowing "when he signed the [Contract] that he himself did not actually own said [P]roperty. He also knew that he did not have the legal authority to sign on behalf of [B]rother, yet he signed said [C]ontract anyways."
The circuit court granted summary judgment in favor of Tsevis and Brother. Specifically, the circuit court found that no valid contract existed to enforce an action for specific performance. Additionally, the circuit court determined that:
A promise to obtain authority to enter into a contract in the future does not change the fact that the original contract, when entered into , was an invalid contract. After [Tsevis] obtained the Letters of Guardianship in November 2015, [Aziz] would be free to enter into a new contract for the sale of [Property]; if [Property] has appreciated between the signing of the original contract and now, that is [Aziz's] burden.
Aziz now appeals.
Points on Appeal
Aziz raises three points on appeal. Points One and Two contend the circuit court erred in not applying promissory estoppel or equitable estoppel to enforce Tsevis's promise to sell Property. Point Three argues the circuit court committed plain error when it failed to consider the totality of the circumstances, including Tsevis's promise to obtain authority to sell Property and the subsequent grant of that authority by the probate court.
Standard of Review
Our review of summary judgment is essentially de novo. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). We will affirm a summary judgment on any basis supported by the record. Poger v. Mo. Dep't of Transp., 501 S.W.3d 37, 42 (Mo. App. E.D. 2016). Additionally, we only review facts present in the record. Rule 74.04; Jones v. Union Pac. R.R, Co., 508 S.W.3d 159, 161 (Mo. App. S.D. 2016). "[S]ummary judgment rarely if ever lies, or can withstand appeal, unless it flows as a matter of law from appropriate Rule 74.04(c) numbered paragraphs and responses alone. " Jones, 508 S.W.3d at 161 *742 (emphasis in original) (internal quotations omitted). Summary judgment is appropriate when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Rule 74.04(c). We review the record in the light most favorable to the party against whom judgment was entered. Poger, 501 S.W.3d at 41-42.
Discussion
I. Aziz's Brief is Insufficient under Rule 84.04.
Before we address the merits of Aziz's appeal, we must address the substantial deficiencies of his brief. Rule 84.04 sets forth mandatory requirements for appellate briefs. King v. King, 548 S.W.3d 440, 442 (Mo. App. E.D. 2018). An appellate brief must contain:
1) a detailed table of contents and an alphabetically-arranged table of cases and other authorities cited, all with corresponding page references, 2) a concise statement of the jurisdictional grounds, 3) a statement of facts, 4) a "Point Relied On" for each issue on appeal, 5) an argument that substantially follows the corresponding "Point Relied On," and 6) a statement of the precise relief sought.
Porter v. Div. of Emp't Sec., 310 S.W.3d 295, 296 (Mo. App. E.D. 2010) ; Rule 84.04(a). Rule 84.04(d)(1) requires each point relied on to "identify the trial court ruling or action that the appellant challenges; [s]tate concisely the legal reasons for the appellant's claim of reversible error; and [e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error."
We, as an appellate court, should not speculate as to the parameters of the appellant's argument because doing so would cast the court in the role of the appellant's advocate. Porter, 310 S.W.3d at 296.
Where ... the briefing deficiencies are so substantial that the appellate court, in order to conduct any review, would be forced to speculate not only as to the claims being raised, but as to the facts and arguments being relied on in support of the same, we have no choice but to decline review.
Lemay v. Hardin, 108 S.W.3d 705, 709 (Mo. App. W.D. 2003). "While we prefer to dispose of a case on the merits whenever possible, if the deficiencies in the brief are such that no claims are preserved for appellate review, then we must dismiss the appeal." Scott v. Potter Elec. Signal Co., 310 S.W.3d 311, 312 (Mo. App. E.D. 2010) ; see also Carden v. Mo. Intergovernmental Risk Mgmt. Ass'n, 258 S.W.3d 547, 557 (Mo. App. S.D. 2008) ("This [C]ourt is under no obligation to review briefs which do not conform to the rules of procedure."). "Deficient points relied on do not preserve issues for appellate review." Bolz v. Hatfield, 41 S.W.3d 566, 571 (Mo. App. S.D. 2001) (citing Murphy v. Aetna Cas. & Sur. Co., 955 S.W.2d 949, 951 (Mo. App. S.D. 1997) ).
Aziz states the following for his Points on Appeal:
1. The trial court erred in not considering promissory estoppel against Defendants as all of the elements exist in the set of facts herein.
2. The trial court erred in not considering equitable estoppel against Defendants as all of the elements exist in the set of facts herein,
3. The trial court committed plain error when it failed to consider the totality of the circumstances herein especially the fact that Defendant promised to get authority to sell the property in question and did in fact do so.
*743 Aziz's Points on Appeal are deficient in various respects. Points One and Two, arguably, complain that the circuit court erred in not, sua sponte, considering claims of promissory estoppel or equitable estoppel when the circuit court granted summary judgment in favor of Tsevis and Brother. A proper Point Relied On that complies with Rule 84.04(d) should be in the following form: "[t]he trial court erred in [identify the challenged ruling or action], because [state the legal reasons for the claim of reversible error], in that [explain why the legal reasons, in the context of the case, support the claim of reversible error]." Rule 84.04(d)(1), While we may exercise some discretion in reviewing a party's compliance with Rule 84.04, the deficiencies in Aziz's brief preclude us from doing so. Importantly, Points One and Two contain neither the "because [state the legal reasons for the claim of reversible error]" requirement, nor the "in that [explain why the legal reasons, in the context of the case, support the claim of reversible error]" requirement. Instead, Aziz merely asserts as his basis for appeal that, "all of the elements exist in the set of facts herein." Points One and Two fail to provide us with any insight into the specific facts of this case that support Aziz's claim of error, and do not meet the minimum requirements of Rule 84.04. See id.; Bolz, 41 S.W.3d at 571.
Point Three does not identify a legal reason to support Aziz's allegation of reversible error. Rule 84.04(d)(1)(B). Point Three simply contends that the circuit court plainly erred in failing to consider all the facts of the case. Notably, Aziz does not explain how the circuit court's consideration of the totality of the circumstances would have altered the circuit court's judgment. Aziz also fails to identify what court ruling or rulings are challenged by Point Three. Additionally, Aziz fails to state any recognizable cause of action that would afford him relief from the circuit court's judgment. Lastly, Aziz fails to cite any legal authority for Point Three. See Rule 84.04(d)(5); Dubroc v. Dubroc, 537 S.W.3d 369, 372 (Mo. App. W.D. 2017). Point Three asserts nothing for us to review. See Scott, 310 S.W.3d at 312-13.
Further, the argument section of Aziz's brief relating to Point Three is defective for several reasons. First, the argument section fails to state the applicable standard of review. Rule 84.04(e). More significantly, the arguments for Point Three on appeal present no legal argument and contain no citation to authority.[2] An argument "should demonstrate how principles of law and the facts of the case interact." Fesenmeyer v. Land Bank of Kansas City, 453 S.W.3d 271, 274 (Mo. App. W.D. 2014) (internal citations omitted). The argument section for Point Three contains mostly factual assertions, none of which contain the required references to the legal record. Rule 84.04(e). "A contention that is not supported with argument beyond conclusions is considered abandoned." Dubroc, 537 S.W.3d at 372 (quoting Lattimer v. Clark, 412 S.W.3d 420, 423 (Mo. App. W.D. 2013) ). Similar to the court in Dubroc, to address the merits of Point Three, we would have to act as Aziz's advocate by searching the record for relevant facts of the case, deciphering his point on appeal, crafting a legal argument, and locating authority to support it "This we cannot do." Id. Accordingly, while we *744 prefer to decide cases on the merit, the deficiencies of Aziz's brief prevent meaningful appellate review. We dismiss Aziz's appeal. However, we ex gratia explain below why Aziz's Points One and Two lack merit. We will not review Point Three because of the point's total lack of conformity with Rule 84.04.
II. Even if Aziz's Appeal Complied with Rule 84.04, the Points One and Two arc Meritless.
Point One posits the circuit court failed to consider Aziz's claim of promissory estoppel. Point Two maintains the circuit court failed to consider Aziz's claim of equitable estoppel. Both of these claims flow from Aziz's averment in the amended petition that "Larry Tsevis should also be estopped from arguing he has no authority to sell said real estate." Points One and Two fail for two reasons: the summary judgment record does not support Aziz's claims, and the Statute of Frauds precludes recovery for agency relationships relating back in time where the principal has not ratified the contract.
A. Appellate Review is Limited to the Summary Judgment Record.
Regarding appeals from motions for summary judgment, parties may not cite or rely on facts outside the Rule 74.04(c) record. Jones, 508 S.W.3d at 161. "In developing the Rule 74.04(c) record, the parties are required to support each stated material fact with specific references to attached pleadings, discovery, exhibits, or affidavits." Columbia Mut. Ins. Co. v. Heriford, 518 S.W.3d 234, 240 (Mo. App. S.D. 2017) (citing Rule 74.04(c)(1), (2), (3) ). "[O]nly those material facts set forth in the parties' statements of facts may be considered in determining whether summary judgment is appropriate." Id. (citing Lackey v. Iberia R-V Sch. Dist., 487 S.W.3d 57, 62 (Mo. App. S. D. 2016) ). "A material fact in the context of summary judgment is one from which the right to judgment flows." Goerlitz v. City of Maryville, 333 S.W.3d 450, 453 (Mo. banc 2011) (citing ITT Commercial Fin. Corp., 854 S.W.2d at 378 ("The burden on a summary judgment movant is to show a right to judgment flowing from facts about which there is no genuine dispute.") ).
Here, no party disputes that Tsevis, not Brother, signed the Contract with Aziz. Further, no party controverts the fact that Tsevis did not own Property when he signed the Contract. The uncontroverted facts are that all parties concede Brother owned Property. The sole dispute is whether Tsevis acted as Brother's agent at the time the Contract was created and signed. If Tsevis acted as Brother's agent, then Aziz could lawfully proceed with his claim for specific performance under the Contract, and summary judgment in favor of Tsevis and Brother would be erroneous. To the contrary, if Tsevis did not act as Brother's agent, then the Contract was void, and entry of summary judgment was warranted.
Aziz's appeal focuses on the probate court's grant of authority to Tsevis over Brother's estate following the Contract's signing. However, Points One and Two mischaracterize the material facts of this case. The fact that Tsevis gained authority to control Brother's estate after Tsevis signed the Contract with Aziz does not create an agency relationship between Tsevis and Brother either prior to or during the Contract's creation and signing. See Section 432.010[3] (contracts for sale of land "shall be in writing and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized").
*745 Further, the material facts alleged in Tsevis and Brother's Statement of Uncontroverted Material Facts are admitted. Rule 74.04(c)(2)[4] ; Bost v. Clark, 116 S.W.3d 667, 674 (Mo. App. W.D. 2003). Specifically, Aziz admitted the following: Tsevis did not have authority to act as Brother's agent when Tsevis signed the Contract with Aziz; Tsevis gained authority to sell Property only after the closing date; and Brother never signed the Contract or granted agency to Tsevis to sign on his behalf. The summary judgment record before this Court presents no genuine issue of material fact that would preclude the entry of summary judgment in favor of Tsevis and Brother. See Columbia Mut. Ins. Co., 518 S.W.3d at 241 : ITT Commercial Fin. Corp., 854 S.W.2d at 378.
B. Application of the Statute of Frauds
Aziz also posits that Tsevis's later acquisition of authority and control over Brother's estate relates back to and validates the Contract, thereby defeating summary judgment. However, the application of the Statute of Frauds defeats Aziz's claim of ratification.
Critical here, the Statute of Frauds governs sales of land. Section 432.010. Section 432.010 states:
No action shall be brought ... upon any contract made for the sale of lands, tenements, hereditaments, or an interest in or concerning them ... unless the agreement upon which the action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized, and no contract for the sale of lands made by an agent shall be binding upon the principal, unless such agent is authorized in writing to make said contract .
(Emphasis added).
Here, the record is uncontroverted that Tsevis was not Brother's agent when Tsevis and Aziz entered into the Contract. The Statute of Frauds protects those not party to the Contract. See Koedding v. Slaughter, 481 F.Supp. 1233, 1239 (E.D. Mo. 1979). Aziz acknowledges that Tsevis was not acting as Brother's agent at the time Tsevis signed the Contract. But Aziz reasons that Tsevis's subsequently acquired authority over Brother's estate provided Tsevis the authority to sell the Property, which authority was retroactive and satisfied the Statute of Frauds. Aziz's argument closely resembles a ratification claim.
"Ratification relative to the question of agency has been defined as the express or implied adoption or confirmation by a person of an act performed in his behalf by another who at the time assumed to act as his agent but lacked authority to do so." Empson v. Mo. Highway & Transp. Comm'n, 649 S.W.2d 517, 523 (Mo. App. W.D. 1983) ; Turner v. Wesslak, 453 S.W.3d 855, 859 (Mo. App. S.D. 2014). Missouri *746 law has long been clear on ratification in this context: "[o]rdinarily the intention to ratify may be manifested by express words or by conduct, but in a case where an agent makes a contract on behalf of his principal to sell real estate, which is not authorized, there can be no ratification unless it be in writing." Fleming v. Anderson, 232 S.W. 718, 723 (Mo. 1921) (internal citation omitted).
Had Brother ratified the Contract, Aziz might have been successful in seeking specific performance. Critically, the summary judgment record lacks any evidence that Brother ratified the Contract between Tsevis and Aziz. We acknowledge that Tsevis may have misrepresented to Aziz that he had Brother's authority to sell when Tsevis signed the Contract. However, because Brother was the true owner of Property, and Tsevis did not obtain authority as Brother's agent until after Aziz and Tsevis signed the Contract for sale of Property, the Contract is binding and enforceable against Brother only if Brother ratified the Contract. Because the summary judgment record lacks any written ratification of the sale of Property from Brother, the Statute of Frauds is not satisfied. See Section 432.010; Fleming, 232 S.W. at 723. Accordingly, as discussed above, we would deny Aziz's Points One and Two.
Conclusion
The appeal is dismissed for failure to adhere to the requirements of Rule 84.04.
Gary M. Gaertner, Jr., J., concurs.
Colleen Dolan, J., concurs.

All Rule references are to Mo. R. Civ. P. (2017).

In Aziz's reply brief, he contends that this appeal presents a case of first impression and the "legal theory of 'fundamental fairness' should be inherent in every court, including this appellate court." Aziz presents no authority and we find no precedent suggestion that it is our duty to, sua sponte, review a claim on appeal for "fundamental fairness." Further, we reject Aziz's suggests that this is a case of first impression.

All Section references are to RSMo (2016).

Rule 74.04(c)(2) states in the relevant part:
Responses to Motions for Summary Judgment ... shall set forth each statement of fact in its original paragraph number and immediately thereunder admit or deny each of movant's factual statements.
A denial may not rest upon the mere allegations or denials of the party's pleading. Rather, the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial.
Attached to the response shall be a copy of all discovery, exhibits or affidavits on which the response relies.
A response that does not comply with this Rule 74.04(c)(2) with respect to any numbered paragraph in movant's statement is an admission of the truth of that numbered paragraph.