

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| KEITH LEWIS, | ) | No. ED110715 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Labor and |
| vs. | ) | Industrial Relations Commission |
| | ) | |
| STATE OF MISSOURI, SECOND INJURY | ) | |
| FUND, | ) | |
| | ) | |
| Respondent. | ) | Filed: February 14, 2023 |

### Introduction

Keith Lewis ("Claimant") appeals the Labor and Industrial Relations Commission's ("Commission") decision dismissing his application for review of an Administrative Law Judge's ("ALJ") dismissal of his claim against the Second Injury Fund ("Fund") filed with the Division of Workers' Compensation ("Division"). Claimant brings three points on appeal, but each fails to substantially comply with Rule 84.04.[1] Because Claimant's brief fails to substantially comply with Rule 84.04, we dismiss his appeal.

### Factual and Procedural Background

On July 1, 2013, Claimant filed a workers' compensation claim against his employer and the Fund for an injury which allegedly occurred on November 20, 2011. On July 23, 2013, Claimant filed a motion to voluntarily dismiss his claim against his employer with the Division.

---

[1] All Rule references are to the Missouri Supreme Court Rules (2022), unless otherwise indicated.

On August 1, 2013, the ALJ issued two orders, dismissing Claimant's claims against his employer and the Second Injury Fund, without prejudice.

On February 16, 2022, Claimant filed his application for review challenging the August 1, 2013 dismissal of the Second Injury Fund claim, requesting oral argument. On April 13, 2022, the Commission sent the parties a show cause order requesting an explanation as to why the Commission should not dismiss Claimant's application for review. On April 28, 2022, Claimant filed his response to the show cause order.

On June 9, 2022, the Commission declined Claimant's request for oral arguments and dismissed Claimant's application for review. The Commission found "the Division's records do not suggest or reveal any irregularity in providing [Claimant] or his attorney due notice of the two August 1, 2013 dismissal orders." The Commission also found Claimant "failed to take any actions regarding his alleged Second Injury Fund claim between August 1, 2013 and February 16, 2022." The Commission noted Claimant provided no reason for his failure to prosecute his claim for over eight and a half years, and he did not refile his claims before the two-year statute of limitation period lapsed.

This appeal follows.

**Standard of Review**

The dismissal of a workers' compensation claim is "deemed an award" subject to administrative and appellate review. § 287.655.[2] Under section 287.495.1:

> The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the award was procured by fraud;

---

[2] All statutory references are to RSMo Cum. Supp. 2012, unless otherwise indicated.

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

We review questions of law *de novo* but defer to the Commission on issues of fact. *Breckle v. Treasurer of State*, 516 S.W.3d 899, 901 (Mo. App. E.D. 2017) (citing *Townser v. First Data Corp.*, 215 S.W.3d 237, 241 (Mo. App. E.D. 2007)).

## Discussion

From this Court's understanding of Claimant's brief, the first paragraph following the heading "Points Relied Upon" is meant to be Claimant's points relied on and reads:

> The ruling of the Commission should be reversed and/or set aside, and the matter should be remanded back to the Division so a properly noticed hearing on the merits can be held. The Commission's decision should be reversed and/or set aside for any of the following reasons:
>
> (1) That the Commission acted without or in excess of its powers;
>
> (2) That the facts found by the Commission do not support the award; and/or
>
> (3) That there was not sufficient competent evidence in the record to warrant the making of the award.

Claimant further develops his argument under his "Points Relied Upon" with three separate sections (Notice, Clerical Error, Applicability of 8 CSR 20-3.030), each followed by multiple paragraphs. Claimant's "Points Relied Upon" violate mandatory appellate briefing rules under Rule 84.

Appellate briefing rules are "not merely designed to enforce hypertechnical procedures or to burden the parties on appeal . . . ." *Hendrix v. City of St. Louis*, 636 S.W.3d 889, 896 (Mo. App. E.D. 2021) (quoting *Hoock v. SLB Acquisition*, LLC, 620 S.W.3d 292, 303 (Mo. App. E.D. 2021)). The Supreme Court of Missouri recently emphasized the importance of adhering to briefing rules:

> When counsel fail in their duty by filing briefs which are not in conformity with the applicable rules and do not sufficiently advise the court of the contentions

3

asserted and the merit thereof, the court is left with the dilemma of deciding that case (and possibly establishing precedent for future cases) on the basis of inadequate briefing and advocacy or undertaking additional research and briefing to supply the deficiency. Courts should not be asked or expected to assume such a role. In addition to being inherently unfair to the other party to the appeal, it is unfair to parties in other cases awaiting disposition because it takes from them appellate time and resources which should be devoted to expeditious resolution of their appeals.

*Lexow v. Boeing Co.*, 643 S.W.3d 501, 505 (Mo. banc 2022) (quoting *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978)). Failing to substantially comply with Rule 84 appellate briefing rules "preserves nothing for our review and is grounds for dismissal." *King v. King*, 548 S.W.3d 440, 442 (Mo. App. E.D. 2018) (citing *Rockwell v. Wong*, 415 S.W.3d 805, 806 (Mo. App. E.D. 2013)). Even though this Court "prefers to reach the merits of a case, excusing technical deficiencies in a brief, it will not consider a brief 'so deficient that it fails to give notice to this Court and to the other parties as to the issue presented on appeal.'" *Lexow*, 643 S.W.3d at 505 (quoting *J.A.D. v. F.J.D.*, 978 S.W.2d 336, 338 (Mo. banc 1998)).

"Rule 84.04 plainly sets forth the required contents of briefs filed in all appellate courts." *Id.* "Rule 84.04's requirements are mandatory." *Id.* (quoting *Fowler v. Mo. Sheriffs' Ret. Sys.*, 623 S.W.3d 678, 583 (Mo. banc 2021)). "Central to the formation of a brief are an appellant's points relied on." *Id.* Points relied on are intended "to provide the respondent with notice of the precise matter which must be answered and to inform the court of the issues presented." *Revis v. Bassman*, 604 S.W.3d 644, 650 (Mo. App. E.D. 2020) (quoting *King*, 548 S.W.3d at 443). Each point relied on must: "(A) [i]dentify the administrative ruling or action the appellant challenges; (B) [s]tate concisely the legal reasons for the appellant's claim of reversible error; and (C) [e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(2); *see also Surgery Ctr. Partners, LLC*, 647 S.W.3d at

42. Moreover, Rule 84.04(d)(2) provides a detailed template on how to structure a point relied on:

> The point shall be in substantially the following form: "The [*name of agency*] erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review*], in that [*explain why, in the context of the case, the legal reasons support the claim of reversible error*]."

Rule 84.04 additionally informs an appellant "[a]bstract statements of law, standing alone, do not comply with this rule." Rule 84.04(d)(4); *see also Surgery Ctr. Partners, LLC*, 647 S.W.3d at 42. The Rule then directs an appellant, "[i]mmediately following each 'Point Relied On,' the appellant . . . shall include a list of cases, not to exceed four, and the constitutional statutory, and regulatory provisions or other authority upon which that party principally relies." Rule 84.04(d)(5); *see also Surgery Ctr. Partners, LLC*, 647 S.W.3d at 42.

Here, Claimant's points relied on violate Rule 84.04(d). First, it is unclear what Claimant's "Points Relied Upon" are or what they allege. Nothing under the heading labeled "Points Relied Upon" follows the Rule 84.04(d)(2) form. The first paragraph under Claimant's "Points Relied Upon," is multifarious and provides no explanation "why, in the context of the case, [the] legal reasons support the claim of reversible error." Rule 84.04(d)(2)(C); *see also Lexow*, 643 S.W.3d at 505–06. Within this initial paragraph, Claimant recites three abstract statements of law, with no citation, which seem to partially mirror the standard of review under section 287.495.1.

Claimant follows this paragraph with three sections (Notice, Clerical Error, Applicability of 8 CSR 20-3.030) within the "Points Relied Upon" portion of his brief, each followed by paragraph explanations. Even in the paragraphs, it is unclear what Claimant is arguing the Commission erred in doing. For example, in the paragraphs following "Notice," it is unclear if

5

Claimant's issue is the Commission's discussion of "the [o]rder being issued in response to the case being set on a 'show cause' docket" or, as developed later in the brief's argument section, the Commission's failure to address the "lack of notice prior to the setting . . . ." In the paragraphs following "Clerical Error" and "Applicability of 8 CSR 20-3.030," there is no mention of any error by the Commission. Additionally, no citations are provided within the section labeled "Points Relied Upon" as required by Rule 84.04(d)(5).

This Court "may exercise discretion to review a non-compliant appeal where the argument in the point relied on is readily ascertainable." *Michaud Mitigation, Inc. v. Beckett*, 635 S.W.3d 867, 870 (Mo. App. E.D. 2021) (citing *Aziz v. Tsevis*, 565 S.W.3d 738, 743 (Mo. App. E.D. 2018)). But, "[w]hen confronted with a deficient point relied on, it is not proper for this [C]ourt to speculate as to the point being raised and supporting legal justification because to do so would place the court in the role of an advocate for the appellant." *Michaud Mitigation, Inc.*, 635 S.W.3d at 870 (quoting *Unifund CCR Partners v. Myers*, 563 S.W.3d 740, 742 (Mo. App. E.D. 2018)). Here, Claimant's brief requires this Court to discern his arguments, "even though it is counsel's job to make those clear." *Surgery Ctr. Partners, LLC*, 647 S.W.3d at 44. "A point on appeal that fails to substantially comply with Rule 84.04(d) is grounds for dismissal of the appeal." *Young v. Mo. Dep't of Soc. Servs.*, 647 S.W.3d 73, 77 (Mo. App. E.D. 2022) (citing *Burgan v. Newman*, 618 S.W.3d 712, 714 (Mo. App. E.D. 2021)).

Additionally, Rule 84.04(d) prohibits multifarious points relied on. *Lexow*, 643 S.W.3d at 506. Rule 84.04(d) "requires separate points to challenge separate rulings or actions." *Id.* at 505–06. A single point may not consolidate "multiple, independent claims." *Id.* at 506 (quoting *Kirk v. State*, 520 S.W.3d 443, 450 n.3 (Mo. banc 2017)). "Multifarious points relied on are

noncompliant with Rule 84.04(d) and preserve nothing for review." *Id.* (citing *Macke v. Patton*, 591 S.W.3d 865, 869 (Mo. banc 2019)).

Beyond the defective points relied on, Claimant's briefing violates Rule 84.04(e) regarding the structure of the argument section. Rule 84.04(e) provides in part:

> The argument shall substantially follow the order of "Points Relied On." The point relied on shall be restated at the beginning of the section of the argument discussing that point. The argument shall be limited to those errors included in the "Points Relied On." For each claim of error, the argument shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review.

Here, as explained above, nothing in Claimant's "Points Relied Upon" section follows the proper Rule 84.04 form, and nothing comparable is found in the beginning of Claimant's argument section. Additionally, Claimant did not include a statement describing how the error was preserved for appellate review, nor did Claimant include applicable standards of review. Claimant's "failure to include the applicable standard of review or demonstrate preservation of the alleged errors for review as required by Rule 84.04(e) is grounds for dismissal." *Young*, 647 S.W.3d at 78 (citing *Burgan*, 618 S.W.3d at 715).

Claimant's brief also violates parts of Rule 84.06, which details the proper form of briefs. Claimant's brief is single-spaced in violation of Rule 84.06(a)(5) requiring "line spacing not less than 1.5 . . . ." Claimant's brief also does not include a certificate of service and compliance required by Rule 84.06(c).

We cannot act as an advocate for Claimant to overcome these deficiencies. *Lexow*, 643 S.W.3d at 509. "While dismissal of an appeal is not an action taken lightly by this Court, 'we cautiously exercise [our] discretion because each time we review a noncompliant brief *ex gratia*, we send an implicit message that substandard briefing is acceptable. It is not.'" *Michaud*

*Mitigation, Inc.*, 635 S.W.3d at 870 (quoting *Scott v. King*, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017)).

## Conclusion

Because Claimant substantially violates Rule 84.04 briefing requirements, nothing is preserved for appellate review. The appeal is dismissed.

_____
Philip M. Hess, Judge

Kelly C. Broniec, P.J. and
James M. Dowd, J. concur.