

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED111438 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Cape Girardeau County |
| v. | ) | Cause No. 20CG-CR00861-01 |
| | ) | |
| TIMOTHY MEDING, | ) | Honorable Scott A. Lipke |
| | ) | |
| Appellant. | ) | Filed: October 24, 2023 |

## Introduction

A trial jury convicted Timothy Meding ("Defendant") of one count of statutory rape in the first degree and four counts of statutory sodomy in the first degree. In two points on appeal, Defendant seeks to raise claims of ineffective assistance of trial counsel. Defendant's brief fails to comply with the mandatory briefing rules, and claims of ineffective assistance of counsel are not cognizable on direct appeal. We therefore affirm the judgment of the trial court.

## Factual and Procedural Background

The State charged Defendant, via amended information, with one count of statutory rape in the first degree and four counts of statutory sodomy in the first degree. Defendant's case proceeded to trial and the evidence, viewed in a light most favorable to the verdict, *see State v. Armstrong*, 560 S.W.3d 563, 574 (Mo. App. E.D. 2018), established the following.

1

Defendant and Victims' mother met online through a dating profile or Craigslist. From October to December 2015, Defendant periodically stayed at Victims' mother's house with Victim 1, Victim 2, their sibling, and their grandmother.[1] At the house, there were two bedrooms upstairs. Defendant and Victim 1 shared one bedroom, but they had their own beds. Victim 2 had the other bedroom to herself.

Victim 2 testified that, while Defendant was staying at the home, Defendant attempted to sexually assault, and sexually assaulted, Victim 1 and Victim 2 on multiple occasions. Approximately two years after these incidents occurred, both Victims disclosed the incidents to their mother. In his forensic interview, Victim 1 stated Defendant forcibly raped him. In her forensic interview, Victim 2 stated Defendant repeatedly sexually assaulted her and Victim 1.

The jury found Defendant guilty of one count of statutory rape in the first degree and four counts of statutory sodomy in the first degree. Defendant now appeals.

### Analysis

In his first point, Defendant argues the trial court erred in denying Defendant effective assistance of counsel because counsel failed to investigate a witness. App. Br. 4. In his second point, Defendant argues "that all offers from hired counsel were not communicated with him." App. Br. 4.

Defendant's briefing falls well below the mandatory requirements of Rule 84.04.[2] Failure to comply with the briefing rules preserves nothing for this Court's review and can result in the dismissal of the appeal. *Lewis v. State*, 661 S.W.3d 9, 12 (Mo. App. E.D. 2023); *King v. King*, 548 S.W.3d 440, 442 (Mo. App. E.D. 2018).

---

[1] The personal identifying information of Victim 1 and Victim 2 and witnesses has been omitted pursuant to RSMo § 509.520 (Supp. 2023).

[2] All rule references are to the Missouri Supreme Court Rules (2022) unless otherwise indicated.

Rule 84.04 sets forth specific requirements for points relied on. *See* Rule 84.04(d). Each point relied on must (1) identify the trial court ruling or action that the appellant challenges; (2) state concisely the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. *Id.* "The point shall be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'" *Id.* (bracketed, italicized language in original).

Here, Defendant's points relied on state:

I.      The trial court [erred] in denying the Defendant effective assistance of counsel. All criminal Defendants are guaranteed the right to counsel (6th Amendment to United States Constitution and Missouri Constitution). Such right to counsel implies the effectiveness of said counsel.

II.     That Defendant claims that all offers from hired counsel were not communicated with him.

App. Br. 4. These points are insufficient under Rule 84.04(d). Though this Court "prefers to reach the merits of a case, excusing technical deficiencies in a brief, [we] will not consider a brief so deficient that it fails to give notice to this Court and to the other parties as to the issue presented on appeal." *Lewis*, 661 S.W.3d at 12 (quoting *Lexow v. Boeing Co.,* 643 S.W.3d 501, 505 (Mo. banc 2022)) (internal quotation marks omitted). "A point on appeal that fails to substantially comply with Rule 84.04(d) is grounds for dismissal of the appeal." *Lewis*, 661 S.W.3d at 13.

In addition to the insufficient points relied on, the argument section of Defendant's brief falls well short of the mandatory requirements of Rule 84.04. *See* Rule 84.04(e). Under Rule 84.04(e), the "argument shall also include a concise statement describing whether the error was

preserved for appellate review; if so, how it was preserved; and the applicable standard of review."
*Id.*

Here, Defendant's brief contains neither a preservation statement nor a standard of review for either point, in violation of Rule 84.04(e). *See State v. Myers*, 619 S.W.3d 578, 584 (Mo. App. E.D. 2021) (holding omissions of a preservation statement and standard of review "violate Rule 84.04(e) and warrant dismissal as it is not the Court's duty to search the record or the applicable law to make these determinations").

Even if we were to reach the merits of the points nominally raised in Defendant's brief, Points I and II would fail as a matter of law.

In Missouri, claims of ineffective assistance of counsel are not cognizable on direct appeal. *State v. West*, 551 S.W.3d 506, 517 (Mo. App. E.D. 2018). A post-conviction claim of ineffective assistance of counsel may be presented pursuant to only Rule 29.15 or Rule 24.035. *Id.* "These rules provide the exclusive procedure through which post-conviction relief because of ineffective assistance of counsel may be sought." *Id.* (quoting *State v. Webber*, 504 S.W.3d 221, 230 (Mo. App. W.D. 2016)). Because Defendant attempts to raise claims of ineffective assistance of counsel in Points I and II on direct appeal, we must deny both points as a matter of law and without further review. *See West*, 551 S.W.3d at 517; *State v. Nettles*, 481 S.W.3d 62, 71 (Mo. App. E.D. 2015).

Points I and II are denied.

### Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____

Cristian M. Stevens, J.

Robert M. Clayton, III, P.J., and

4

Philip M. Hess, J., concur.